Tristan L. SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CF–909.

District of Columbia Court of Appeals.

Argued April 7, 2004.
Decided April 29, 2004.

———

Eric K. Klein, Public Defender Service, with whom James Klein and Timothy P. O'Toole, Public Defender Service, were on the brief, for appellant.

Charles N. Floyd, Assistant United States Attorney, for appellee. Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Barbara J. Valliere, Kristina Ament, and Rozella A. Oliver, Assistant United States Attorneys, were on the brief for appellee.

Before FARRELL and
WASHINGTON, Associate Judges, and
NEBEKER, Senior Judge.

PER CURIAM:

Appellant was tried before a jury on charges including armed robbery, and simultaneously before the court on a single count of unlawful possession of marijuana. The jury acquitted him on all counts submitted to it, and the trial judge convicted him of the marijuana charge. Appellant's sole argument on appeal relates to the fact that the Misdemeanor Jury Trial Act of 2002 ("the Jury Act") became effective on the day before the charges in his case were submitted to the jury. A provision of that statute, D.C.Code § 16–705(b–1) (Supp.2003), provides a right to a jury trial on all charges where a defendant is charged with two or more offenses that include at least one jury demandable offense. Appellant argues that, although his trial had begun and, indeed, had progressed through completion of nearly all of the testimony, the trial judge erred in not submitting the marijuana charge to the jury once the Jury Act became effective, given that—in appellant's view—this could have been done without prejudice to the government.

 The first time this argument was made to the trial judge was several weeks after the trial (when the court denied appellant's motion for a new trial). Appellant, in other words, made no timely objection to the trial court's failure to instruct the jury on the marijuana charge. In these circumstances our review is for plain error. *See* Rules 30 and 52(b), Superior Court Rules of Criminal Procedure; *Green v. United States,* 718 A.2d 1042, 1056 (D.C. 1998). It is true that Judge Weisberg *sua sponte* raised the issue of when the Jury Act would become effective in discussions before trial, but as the parties agreed that the Jury Act had not taken effect yet, he proceeded to trial in the split-fashion described in the first sentence, above. Appellant implies that because his trial counsel asked for a jury trial on all counts during the pretrial discussion, he preserved the issue for appeal. But at the time counsel made the request, Judge Weisberg had no authority to grant a jury trial on the marijuana charge and correctly denied the request. When the Jury Act became effective, appellant made no mention of the subject and allowed the case to be submitted to the jury, without objection, on instructions that did not mention the marijuana charge.[1] Plain error analysis therefore applies.

 That analysis requires, at the threshold, that any error of which complaint is made on appeal have been " 'obvi-

---

1. Appellant also points to the fact that the *prosecutor* in the pretrial discussion misadvised the trial judge of the effective date of the Act. But that is not a representation on which appellant reasonably could have relied in failing, himself, to ascertain the effective date of the Act and to bring it to the court's attention in a timely fashion. See, by contrast, the cases cited in *Bellamy v. United States,* 810 A.2d 401, 404 (D.C.2002).

ous.'" *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[2] This simply cannot be said of appellant's claim that the trial judge was obliged at the eleventh hour to submit the marijuana charge to the jury after the parties, the court, and the jury had proceeded on the premise—undeniably correct until then—that the charge was being tried to the judge. The Jury Act provides a right to "a trial by jury" under specified circumstances. The plain meaning of that term, if anything, would seem to be that the legislature granted a right to a jury trial where the entire "trial" process—beginning with *voir dire,* continuing through presentation of the evidence, and concluding with submission of the case to the jury—commenced after the effective date of the Jury Act. *See generally Capital Traction Co. v. Hof,* 174 U.S. 1, 15, 19 S.Ct. 580, 43 L.Ed. 873 (1899) ("A jury for the trial of a cause [is] a body of twelve [persons] ... sworn to render a true verdict ... who after hearing the parties and their evidence, *and* receiving the instructions of the court ... return their unanimous verdict") (emphasis added); *see also, e.g., Arnold v. United States,* 443 A.2d 1318, 1327 (D.C.1982) (jury trial begins with "the process of impaneling the jury").[3] Stated otherwise, it is wholly *im* probable that the legislature meant the statutory right to attach mid-trial after voir dire had been held and the jury sworn, opening statements had been given, and direct and cross-examination of witnesses had taken place—all on the understanding that a particular charge would

not be submitted to the jury. *Cf. Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (jeopardy for constitutional purposes attaches in jury trial when jurors are empaneled and sworn). The resultant potential for surprise, unfairness, and confusion—especially to a jury now told of the charge for the first time—is not something the legislature should lightly be assumed to have accepted as the price of affording defendants as a class a new statutory protection.[4]

Appellant quotes SUTHERLAND STATUTORY CONSTRUCTION § 41.2, at 379–80 (6th ed.2001) for the principle that "[s]tatutes going into effect during the pendancy of a case are presumed to be applied in that case unless there is a clear [legislative] intent to the contrary or the application of the law would result in a manifest injustice to one party." *See also Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). But that begs the question of what "in that case" means in the present context—whether it is reasonable to assume the legislature intended the statute to take effect at any time up to and including submission of the case to the jury, something we have determined to be highly improbable. For its part, the government cites the Supreme Court's recognition that a statutory amendment granting the right to a jury trial is "plainly a procedural change," *see Landgraf v. USI Film Prods.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and invokes SUTHERLAND, *supra,* for the rule that,

---

**2.** Each of the *Olano* requirements for plain error—including that the error is "'plain'" or obvious—must be met before the appellate court may exercise discretion to notice a forfeited error. *See, e.g., Newby v. United States,* 797 A.2d 1233, 1237 n. 1 (D.C.2002) (citations omitted).

**3.** "[V]oir dire ... is a necessary part of trial by jury." *Swain v. Alabama,* 380 U.S. 202,

219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), *overruled on other grounds by Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**4.** Appellant not surprisingly cites no legislative history suggesting that the D.C. Council anticipated and approved mid-trial changes of course to effectuate the Jury Act.

as to such procedural changes, "steps already taken ... and all things done under the old law continue effective, unless an intent to the contrary is plainly manifested." Section 41.4, at 408.

This discussion is enough to explain why appellant has not demonstrated obvious error in the trial judge's failure *sua sponte* to alter course and instruct the jury on the elements of possession of marijuana. Even if appellant is correct that the issue of whether he should have received the benefit of the Jury Act "depends on the posture of [his] particular case," *id.* at 275 n. 29, 114 S.Ct. 1483, and not other hypothetical trials, his failure to raise the issue in a timely fashion deprived the trial judge of the opportunity to assess what effect a sudden shift from non-jury to jury trial would have had on the orderly progress of *this* case, and it similarly denies this court the value of that assessment in determining whether error was committed. Because appellant has not shown that the trial judge plainly erred in failing to change the procedural rules at so late a stage of the proceeding, the judgment of the Superior Court is

*Affirmed.*