**Denise DAVIS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 08–CM–388.

District of Columbia Court of Appeals.

Argued Dec. 2, 2009.

Decided Dec. 17, 2009.

Diane Bratter for appellant.

April E. Fearnley, Assistant United States Attorney, with whom Jeffrey A. Taylor, United States Attorney at the time, Roy W. McLeese III, Assistant United States Attorney, and Florence Pan, Assistant United States Attorney at the time, were on the brief, for appellee.

Before FISHER and THOMPSON, Associate Judges, and BELSON, Senior Judge.

FISHER, Associate Judge:

Appellant Denise Davis appeals her conviction for assault, arguing that the evidence was insufficient and that she was improperly convicted following a bench trial, rather than a jury trial. Applying the plain error standard of review to the second issue (as appellant concedes we should), we affirm.

## I. Factual and Procedural Background

On the evening of June 23, 2007, appellant Denise Davis and her boyfriend David Yancy were on a ramp at the Capitol Hill Nursing Home. Both appellant and Mr. Yancy were homeless and planning to spend the night on the ramp. Wilhelmina Durant, the victim, was waiting at a bus stop located near the ramp. Ms. Durant, a friend of Mr. Yancy's and an acquaintance of appellant's, spoke briefly to Mr. Yancy. Ms. Davis told Mr. Yancy "not to speak to that b[itch]," and then advanced down the ramp towards Ms. Durant. Ms. Durant said to Ms. Davis: "Now, if you take another step, you know it's going to be on." Ms. Davis continued to advance, and then Ms. Durant felt something sharp move across her clothes. Ms. Durant "threw up" a hand to defend herself, and Ms. Davis swung, cutting Ms. Durant's thumb with a knife. Ms. Durant then turned around and went to a convenience store two blocks away, from which she called the police.

Officers Kristina Fersener and Dustin Huge soon arrived at the convenience store, where they met Ms. Durant, whom Officer Fersener described as upset, crying, screaming, and irate. They then put her in the back of their patrol car and returned to the 200 block of 8th Street. Upon arrival, Ms. Durant identified Ms. Davis. Officer Fersener patted the appellant down but did not find any weapons on her.

Detective Vincent Witkowski also responded to the scene, where he spoke with the officers and with Ms. Davis, whom he described as crying and yelling. Detective Witkowski then began to look for a knife. After searching, one of the officers asked the appellant where the knife was. Ms. Davis responded by pointing to an area by a wall. Detective Witkowski then looked over the wall and spotted the knife on top.

Ms. Davis and Mr. Yancy both testified that more than a year earlier Ms. Durant had slapped Ms. Davis in the face while trying to get money. Ms. Davis testified

that on the night in question Ms. Durant had approached her, had tried to pull her backpack, and had slapped her in the face because Ms. Davis wouldn't give Ms. Durant any money. Ms. Davis stated that in response she made a vertical downward slicing motion with a knife she had been using to cut up tomatoes. She admitted drinking two twenty-four ounce cans of beer that night. Mr. Yancy did not see the assault, and admitted that he had drunk three twenty-four ounce cans of beer that night. Mr. Yancy also admitted having had part of a beer on the day of his testimony. The government impeached Ms. Davis with a conviction under the Bail Reform Act, and impeached Mr. Yancy with a conviction for unlawful entry.

Based on these events, appellant was charged with simple assault (D.C.Code § 22–404 (2001)) and possession of a prohibited weapon ("PPW (b)") (D.C.Code § 22–4514(b) (2001)). Had the government followed its usual course, it would have moved to amend the information to charge attempted PPW (b), making it appropriate to resolve both charges in a non-jury trial. *See Lewis v. United States*, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) (defendant prosecuted in a single proceeding for multiple petty offenses has no constitutional right to a jury trial); D.C.Code § 16–705 (2009 Supp.) (no statutory right to jury trial where two offenses, each punishable by imprisonment for 180 days or less, are joined for trial). The prosecutor did not seek to amend, however, and neither the court nor defense counsel noticed the oversight. A bench trial began without objection from the defense, and the court found appellant guilty of both offenses.[1]

One month later, the trial court vacated the PPW (b) conviction, upon defense motion, because Ms. Davis had not waived her right to a jury trial on this count.[2] The court declined to vacate the conviction for assault, "there being no legal invalidity of her trial as a bench trial on that offense. . . ." It then issued a revised judgment and commitment order reflecting only the conviction and sentence for assault.[3]

## II. Legal Analysis

 When faced with a single charge of assault, a criminal defendant is not entitled to a jury trial as a matter of either constitutional or statutory right.[4] In this

1. This is not the first time this has happened. *See, e.g., Diggs v. United States*, 966 A.2d 857, 858 (D.C.2009) (following a bench trial, defendant convicted of both simple assault and possession of a prohibited weapon; no waiver of right to jury trial).

2. Unless the defendant has certain prior convictions, the maximum penalty for possession of a prohibited weapon is "a fine of not more than $1,000 or imprisonment for not more than 1 year, or both." D.C.Code §§ 22–4514(c), –4515. Appellant had both a constitutional and a statutory right to a jury trial on this offense. *Blanton v. North Las Vegas*, 489 U.S. 538, 542, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989) (defendant is entitled to a jury trial for an offense which carries an authorized prison term of more than six months); D.C.Code § 16–705(b)(1)(A) (statutory right to trial by jury for "an offense punishable by a fine or penalty of more than $1,000 or by imprisonment for more than 180 days").

3. The court initially sentenced appellant to 180 days' imprisonment for assault, with execution of the sentence suspended as to all but ten days, and placed appellant on supervised probation for one year. The court sentenced appellant to 90 days' imprisonment for PPW (b), but suspended the execution of the term of imprisonment, and imposed one year of supervised probation, both to run concurrently with the assault sentence. Appellant was ordered to pay an aggregate assessment of $100. The amended judgment recorded the same sentence for assault, but reduced the assessment to $50.

4. A person convicted of assault "shall be fined not more than $1,000 or be imprisoned not

case, however, Ms. Davis was charged with both assault and a jury-demandable offense, and she should have received a jury trial on both counts. The statute is unambiguous in this respect, and the government does not suggest that appellant waived her right to a trial by jury.[5]

██ Even though the statutory mandate is clear, defense counsel had an obligation to object because the error could have been avoided if brought to the court's attention. Therefore, the government argues, and appellant concedes, that the plain error standard of review applies. We agree. The plain error rule emphasizes the importance of encouraging " 'all trial participants'—including defendants— to 'seek a fair and accurate trial the first time around....' " *Foreman v. United States,* 633 A.2d 792, 797 (D.C.1993) (quoting *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). In other words, "the value of finality requires defense counsel to be on his toes, not just the judge...." *United States v. Vonn,* 535 U.S. 55, 73, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Thus, the plain error rule is properly applied even when the court's obligations are made clear in a rule or statute. *See, e.g., Vonn* (plain error standard applied to court's failure to give defendant advice of rights required by

Fed.R.Crim.P. 11); *Teoume–Lessane v. United States,* 931 A.2d 478 (D.C.2007) (plain error standard applied to court's failure to notify defendant of rights as required by statute).[6]

██ ██ Under the test for plain error, appellant first must show (1) "error," (2) that is "plain," and (3) that affected her "substantial rights." *In re D.B.,* 947 A.2d 443, 450 (D.C.2008) (internal quotation marks and citation omitted). Even if all three of these conditions are met, this court will not reverse unless (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.; see United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also Harris v. United States,* 602 A.2d 154, 159 (D.C.1992) (en banc) ("It is well settled that reversal under the plain error doctrine is justified only in exceptional circumstances where 'a miscarriage of justice would otherwise result.' ") (quoting *Frady,* 456 U.S. at 163 n. 14, 102 S.Ct. 1584). The "defendant has the burden to satisfy the plain-error rule." *Vonn,* 535 U.S. at 59, 122 S.Ct. 1043.

Here there was error, and it is plain. See note 5, *supra.* We also will assume, without deciding, that appellant can satisfy

---

more than 180 days, or both." D.C.Code § 22–404(a)(1) (2009 Supp.). Thus, assault is not a jury-demandable offense in the District of Columbia. *Burgess v. United States,* 681 A.2d 1090, 1094 (D.C.1996).

5. D.C.Code § 16–705(b–1) (2009 Supp.) ("If a defendant in a criminal case is charged with 2 or more offenses and the offenses include at least one jury demandable offense and one non-jury demandable offense, the trial for all offenses charged against that defendant *shall be by jury* unless the defendant in open court expressly waives trial by jury and requests trial by the court, and the court and the prosecuting officer consent thereto.") (emphasis added).

6. We, of course, are not suggesting that in these circumstances a defendant must demand a trial by jury in order to enjoy it. In light of the charges in this case, D.C.Code § 16–705(b–1) provides that the trial "shall be by jury unless the defendant in open court expressly waives trial by jury and requests trial by the court...." (By contrast, § 16–705(b) describes circumstances in which a defendant may have a jury trial if he demands one.) "The question presented by this case assumes error...." *Puckett v. United States,* —— U.S. ——, ——, 129 S.Ct. 1423, 1431, 173 L.Ed.2d 266 (2009). The only dispute is whether, under the plain error standard, we are required to reverse.

the third prong—that the error affected her substantial rights. However, in light of the corrective action taken by the trial court, she cannot establish the fourth prong of plain error—that allowing the conviction for simple assault to stand would "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Olano,* 507 U.S. at 732, 113 S.Ct. 1770. In other words, this is not one of those "exceptional circumstances where a miscarriage of justice" will result if we do not reverse. *Harris,* 602 A.2d at 159 (quotation omitted).

As we have pointed out, the norm today is for the offense of simple assault to be tried by the court, not a jury. *See* D.C.Code § 16–705(b). Indeed, prior to 2002, it would have made no difference that this offense was joined for trial with a jury-demandable offense. It then was quite common, after a joint trial, for the jury to decide some charges and the court to decide others. *See, e.g., Smith v. United States,* 847 A.2d 1159, 1161 (D.C.2004) (where defendant was simultaneously tried by jury for armed robbery and by judge for unlawful possession of marijuana, and where the Misdemeanor Jury Trial Act of 2002 became effective mid-trial, any error was not "obvious," because "the parties, the court, and the jury had proceeded on the premise—*undeniably correct until then*—that the charge was being tried to the judge" (emphasis added)); *Berroa v. United States,* 763 A.2d 93, 94 (D.C.2000) (en banc) ("It has long been the rule in this jurisdiction that jury-demandable and non-jury-demandable counts joined in a single indictment may be tried concurrently by the jury and judge.") (citing *Copening v. United States,* 353 A.2d 305 (D.C.1976)).

The Misdemeanor Jury Trial Act of 2002 changed local practice in significant respects, but there is no indication in the text of the statute or its legislative history that the Council thought it unfair for a defendant to be convicted of simple assault after a bench trial. Indeed, the Council apparently thought it would be completely acceptable for a defendant to be convicted of as many as four counts of simple assault in a single bench trial. (The statute permits a defendant to demand a trial by jury if he "is charged with 2 or more offenses which are punishable by a cumulative fine or penalty of more than $4,000 or a cumulative term of imprisonment of more than 2 years." D.C.Code § 16–705(b)(1)(B) and (b)(2). See note 4, *supra* (potential penalty for assault is a $1,000 fine and up to 180 days in jail, or both).)

The 2002 amendments to D.C.Code § 16–705 were based on the concern that "there should be limits placed on the amount of time a person can be imprisoned without the right to a jury trial." D.C. Council, Report on Bill 14–2 at 2 (Nov. 27, 2001) (D.C. Law 14–135). Here, it was not anything intrinsic to the charge of assault, but rather its joinder with the PPW (b) charge, that gave appellant a statutory right to a jury trial. Accordingly, Judge Keary sensibly cured the error by vacating the conviction for PPW (b), thus eliminating the only feature of this case that gave appellant a (statutory) right to trial by jury.

The appropriateness of this curative action is confirmed by considering the alternatives. If we were to grant further relief on appeal, the presumptive remedy would be to remand for a new trial, and pursuant to the command of § 16–705(b)(1)(A), that would be a non-jury trial. It seems pointless to remand for a bench trial when that is the form of adjudication appellant has already received. Although appellant asserted at oral argument that we should vacate the assault conviction and order that charge dismissed with prejudice, she has cited no authority for that proposition,

and we have found none. *Cf. Jackson v. United States,* 498 A.2d 185 (D.C.1985) (no record of waiver of right to trial by jury; reversed and remanded "with directions to grant a new trial"); *Hawkins v. United States,* 385 A.2d 744 (D.C.1978) (no valid waiver of right to jury trial; reversed and remanded for new trial).

█ We by no means condone the government's inattention (in this and other cases) to the link between the charges it has presented and the form of trial to which a defendant is entitled. Nevertheless, "our ultimate focus must . . . be on what the judge did or failed to do," *Irick v. United States,* 565 A.2d 26, 33 (D.C.1989), and here we are reviewing the amended judgment entered after Judge Keary took corrective action. As indicated, the remedy she chose was sufficient to avert the possibility of a miscarriage of justice.[7] "We . . . decline to assume that the trial court needs to be prodded into complying with the law by the 'threat' of summary reversal." *Teoume–Lessane,* 931 A.2d at 489 n. 9. "Where mistakes occur, . . . they are best addressed on a case-by-case basis rather than with a broad, *per se* rule" that would require reversal regardless of the circumstances. *Id.; see also Puckett v. United States,* —— U.S. ——, ——, 129 S.Ct. 1423, 1433, 173 L.Ed.2d 266 (2009) ("The fourth prong [of plain error review] is meant to be applied on a case-specific and fact-intensive basis. We have emphasized that a *per se* approach to plain-error review is flawed." (internal quotation marks and citation omitted)).

█ We need not linger over appellant's claim that the evidence was insufficient to support her conviction for assault. The trial court credited the testimony of Ms. Durant, which was corroborated by the cut on her thumb and the police officer's recovery of the knife. The court also discredited appellant's version of events, which provided the only support for her claim of self-defense. "The judge saw both women testify, and we are in no position to second-guess her assessment." *Jenkins v. United States,* 902 A.2d 79, 87 n. 12 (D.C.2006). We certainly cannot say that, when the evidence is "view[ed] . . . in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### III. Conclusion

For the reasons stated, the judgment of the Superior Court is hereby

*Affirmed.*

---

**7.** It is interesting to compare the remedy chosen by Judge Keary to that recently applied by this court in *Diggs v. United States,* 966 A.2d 857 (D.C.2009), where the appellant had been convicted of both assault and PPW (b) following a bench trial. On appeal she challenged "the denial of her right to trial by jury on the charge of possession of a prohibited weapon." *Id.* at 858. There having been no waiver of the appellant's right to a jury trial, this court vacated the conviction for PPW (b) and remanded with instructions "to enter judgment against appellant on the lesser-included offense of attempted possession of a prohibited weapon." *Id.* at 862.