PRYOR, Senior Judge:
Appellant LeJune Smith challenges his convictions following a bench trial for Leaving after Colliding — Personal Injury, in violation of D.C.Code § 50-2201.05e (a)(1) (2014 Repl.);[1] Driving Under the Influence, in violation of D.C.Code § 50-2206.11; and Reckless Driving, in violation of D.C.Code § 50-2201.04. Mr. Smith argues that the trial court erred in denying him his statutory right to a jury trial pursuant to D.C.Code § 16-705(b). We agree, and thus reverse his convictions and remand for a new trial before a jury.
I.
Late one evening on May 16, 2014, Tani-ta Collins and her wife, Constance Long-Collins, were in the 900.block of Randolph Street, N.W. Ms. Collins was walking her bicycle eastbound, on the north side of the road, when she was struck from behind and knocked down by a Nissan 300ZX sports car. Ms. Collins called to her wife to stop the car. Ms. Long-Collins caught up with the car as it waited behind a van that was stopped at the intersection by a red light. She banged on the car’s window *1097 to tell the driver, whom she identified as appellant, that he had hit Ms. Collins with his car. A heated argument ensued, which later resulted in Mr. Smith and Ms. Long-Collins pushing and punching each other.
Metropolitan Police Department Officer Meghan Murrock arrived at the scene a short time later and noticed that Mr. Smith’s eyes were bloodshot and watery, his face was flushed, he was swaying, and there was a strong odor of alcohol emanating from his breath. Mr. Smith’s breath test four hours later indicated an alcohol level of .19. On the stand, Mr. Smith admitted having a few beers before the incident took place.
On May 29, 2014, the United States charged Mr. Smith by information with Assault (of Ms. Long-Coliins),'- in violation of D.C.Code § 22-404; Unlawful Possession of a Controlled Substance, in violation of D.C.Code § 48-904,01(d); and Leaving after Colliding — Personal Injury, in violation of D.C.Code § 50-2201.05(a)(l).[2] Subsequently, the United States filed an amended information, adding an Assault count with regards to Ms. Collins and one count' of Possession of Prohibited Weapon (PPW), ⅛ violation of D.C.Code § 22-4514(b): '■ •
On June 5, 2014, the District of Columbia charged Mr. Smith with Driving under the Influence of Alcohol (DUI), in violation of D.C.Code § 50-2206.11; Operating a Vehicle while Impaired, in violation of D.C.Code § 50-2206.14; . Leaving after Colliding — Personal Injury, in violation of D.C.Code § 50-2201.05c (a)(1); and Reckless Driving, in violation of D.C.Code § 50-2201.04(b-c) — all arising from the same incident.
On October 10, 2014, the United States filed an unopposed motion to join the two cases for trial, which'was granted on October 15, 2014. The case was called for trial before the Honorable A. Frank Burgess, Jr., on December 16, 2014. Before trial, the United States dismissed its possessory drug charge and amended its PPW to attempted PPW, in violation of D.C.Code §§ 22-4514(b), 22-1803. The District announced that the United States had “taken” the charge of leaving after colliding, and it dismissed its charge of operating while impaired.
Mr. Smith requested a jury trial on the remaining six charges, and the trial court denied the motion and the case proceeded to a bench trial. Ultimately, the trial court found appellant guilty of three charges: Leaving after Colliding,. DUI, and Reckless Driving. This appeal followed.'
II.
Appellant argues that the trial court erred in denying him a jury trial pursuant to D.C.Code § 16-705, which provides in part:
In any case where the defendant is not under' the Constitution of the United States entitled to a trial by jury, the trial shall be by a single judge without a jury, except that if ... [t]he defendant is charged with 2 or more offenses which are punishable by a cumulative fine or penalty of more than $4,000 or a cumulative term of imprisonment of more than 2 years; arid [t]he defendant demands a trial by jury, the trial shall be by jury...."
D.C.Code.§ 16-705(b).
• Here, Mr. Smith faced six charges that carried a'cumulative maximum sentence of 990 days (approximately 2.7 years) or $5,500, which clearly brings his case under *1098 § 16-705. The charges are summarized in the following table:
Charge Maximum Penalty Outcome
Assault (Ms. Collins) in violation of D.C.Code § 22- 180 Days and $1,000 Not guilty 404_
Assault (Ms. Long-Collins) in violation of D.C.Code 180 Days and $1,000 Not guilty § 22-404_
Attempted Possession of Prohibited Weapon (Vehi- 180 Days and $1,000 MJOA granted cle) in violation of D.C.Code §§ 22-4514(b), 22-1803_
Leaving after Colliding — Pei'soqal Injury in viola- 180 Days and $1,000 Guilty tion of D.C.Code § 50-2201.05c (a)(1)_
Driving Under Influence in violation of D.C.Code 180 Days and $1,000 Guilty § 50-2206.11_
Reckless Driving in violation of D.C.Code § 50- 90 Days and $500 Guilty 2201.04
While conceding that appellant’s statutory right to a jury trial was violated, the government nevertheless maintains that we should affirm his convictions. It argues that this court “cannot accord appellant meaningful relief’ because the charges of which appellant was ultimately convicted did not carry a cumulative maximum sentence of more than two years or $4,000, and thus appellant would not be entitled to a jury trial under § 16-705(b) on remand. We disagree.
The government relies on Davis v. United States, 984 A.2d 1255 (D.C.2009), to support its argument. This reliance, however, is misplaced. In Davis, the appellant was on trial for simple assault and PPW, which was a jury-demandable offense. Id. at 1258-59. Although the appellant had a statutory right to jury trial, she failed to object and' the case proceeded before a judge. Id. at 1258. She was then convicted of both offenses. Id. Subsequently, the trial court vacated her jury-demandable PPW conviction upon defense motion because appellant had not waived her right to a jury trial. The court, however, let the simple assault conviction stand. Id.
On appeal, reviewing for plain error, we held that the trial court had committed a plain error. Id. at 1259. However, given that the trial court had vacated Davis’s PPW conviction, which was the jury-de-mandable offense, the court had “cured” the error. Id. at 1260. Accordingly, we concluded that the error did not “affect[ ] the fairness, integrity or public reputation of judicial proceedings” and affirmed her simple assault conviction. Id. (quoting Olano v. United States, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
Here, Mr. Smith demanded a jury trial, and unlike in Davis, wé are not reviewing this matter for plain error only. The government’s argument that this court cannot afford Smith a remedy for what it acknowledges was a denial of his statutory right to a jury trial is incorrect,[3] and we *1099 are aware of no authority that precludes us from granting Mr. Smith the jury trial that he was statutorily entitled to in the first place.[4] See D.C.Code § 17-306 (providing that the court may “affirm, modify, vacate, set aside or reverse any order or judgment ... lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances”).[5]
Accordingly, we reverse all three of Mr. Smith’s convictions and remand for proceedings consistent with this opinion. Having arrived at this conclusion, we need not address Mr. Smith’s second argument challenging the appropriate mens rea for his conviction of Leaving after Colliding.

So ordered.

Dissenting opinion by Associate Judge MCLEESE.

.. All subsequent citations to Title 50 of the . D.C.Code are to the 2014 replacement volume; subsequent citations to other titles are to the corresponding 2012 replacement volume. ■

. Section 50-2201.05(a)(l) was repealed. 59 D.C.Reg. 12957 (2013). The statute in effect at the time that the charged incident occurred was D.C.Code § 50-2201.05c(a)(l).

. It is true that under the harmless error doctrine errors sometimes go without remedy, but we are not persuaded that all failures to provide a jury trial under § 16-705 are effectively harmless as long as the cumulative sentence actually imposed does not implicate the statutory right to jury on remand. Cf. Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S.Ct. *1099 2078, 124 L.Ed.2d 182 (1993) (“A reviewing court can only engage in pure speculation— its view of what a reasonable jury would have done. And when it does that, ‘the wrong entity judge[s] the defendant guilty.’ " (quoting Rose v. Clark, 478 U.S. 570, 578, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986))).

. The dissent acknowledges that Davis ‘‘is not necessarily controlling in all respects,” but contends that Davis rested on a legal conclusion, now binding on us, that “the applicable statute 'command[ed]’ that a retrial solely on a charge of simple assault would be a non-jury trial.” Post at 1101 (quoting Davis, 984 A.2d at 1260). We are unconvinced that the Davis court’s comment in this regard was "necessary to explain the outcome” in that case. Whitfield v. United States, 99 A.3d 650, 663 n. 22 (D.C.2014). At the outset, the comment was made as part of the court's analysis of the fourth prong of the plain error test — a prong the Supreme Court has described as particularly case-specific, Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) — and was ancillary to the court's primary fourth-prong rationale that "the trial court had sensibly cured the error by vacating the conviction for PPW.” Davis, 984 A.2d at 1260. Before tackling its fourth-prong analysis, the court assumed that Ms. Davis could "satisfy the third prong — that the error affected her substantial rights.” Id. at 1259-60. That assumption verifies that when the court moved on to the fourth prong, it was saying something different than that the error was harmful under the standard set forth in Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), which is the standard applicable to the third prong, Wheeler v. United States, 930 A.2d 232, 246 (D.C.2007) (recognizing applicability of Kotteakos but placing the burden on the defendant), and which is also the harmlessness standard that applies to the preserved claim of error at issue here. It is also worth noting that the appellant in Davis did not brief the question whether remand for a new trial before a jury was a viable remedy because she did not seek a jury trial on remand, but instead asked this court to "vacate the assault conviction and order that charge dismissed with prejudice.” 984 A.2d at 1260.

. We are mindful of the constitutional rule disallowing the aggregation of punishments of separate petty offenses in order to demand a jury trial as a matter of right under the Sixth Amendment. Lewis v. United States, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). However, the District's legislature chose to afford defendants charged with multiple petty offenses an option to demand jury trial under § 16-705(b) in which such aggregation is allowed. Therefore, Mr. Smith should have had his trial before a jury as a matter of statutory right.