Argued December 19, 1973, reversed and remanded January 7, 1974

STATE OF OREGON, *Respondent, v.* BARBARA
ANN WARD aka BARBARA ANN SAUNDERS,
*Appellant.*

517 P2d 1069

*Jack E. Collier*, Portland, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

TANZER, J.

This is an appeal from a criminal conviction of the crime of prostitution. ORS 167.007. The complaint alleged that the defendant "did unlawfully and intentionally offer to engage in sexual intercourse and deviate sexual intercourse for a fee." She was convicted in the district court and, upon appeal, again convicted after a jury trial in circuit court. Defendant assigns as error the introduction by the state of a police report as a prior inconsistent statement, and the court's failure to take the charge of "deviate sexual intercourse" away from the jury.

A vice officer testified that he met the defendant in a Portland night club, she agreed to spend the night with him for $50, and that during the negotiations she agreed to "french, around the world and straight intercourse." Another officer testified as to the definition of those terms in the language of the prostitution trade in order to prove the allegation of "deviate sexual intercourse."

Defense counsel asked the vice officer whether he had used the term "around the world" in the police report of the incident which he had dictated. The witness answered that he thought he had. Counsel then showed the report to the witness and put the question again. The witness acknowledged that the phrase did not appear in the report and that he had probably not included the term in his dictation. Counsel then asked whether he had used that term in his earlier testimony. The officer thought that he had, but when counsel showed him the appropriate page of transcript, the officer acknowledged that the phrase did not appear and that he had not testified to it. The officer continued to maintain, however, that the phrase was used during the transaction even though he had not mentioned it in his report and prior testimony.

At that point, the deputy district attorney offered the police report and the transcript into evidence. Defense counsel assented to the admission of the transcript, but objected to the police report because "there's a lot of other stuff in there that comes in that's nothing more than hearsay * * *." The court admitted the police report as a prior inconsistent statement which the jury was entitled to compare with the officer's testimony for purposes of assessing credibility.

■ ■ A party may introduce a prior inconsistent statement to impeach his own witness only if the witness gives testimony prejudicial to the party. *State v. Gardner*, 2 Or App 265, 267, 467 P2d 125, *rev den* (1970) *cert den* 406 US 972 (1972). *State v. Merlo*, 92 Or 678, 173 P 317, 182 P 153 (1919). Here, the testimony given by the vice officer was in no way prejudicial to the state, and the state was therefore not entitled to introduce the police report. A party may not use the mechanics of impeachment as a vehicle for the introduction of extraneous material into the trial. *State v. Roisland*, 1 Or App 68, 75, 459 P2d 555 (1969). The witness had already acknowledged that he had not mentioned the phrase in the report. This is distinguishable from cases involving rehabilitation of witnesses in which the prior statement is consistent with the testimony. *See State v. Knoke*, 14 Or App 187, 512 P2d 1353 (1973). It appears that the prosecutor was using the opportunity to put the police report into evidence. Allowing him to do so under the guise of impeachment was error.

Having determined that admission of the report was error, the next question is whether that error was prejudicial. The brief report is an almost verbatim duplication of the officer's testimony, but it also includes the following:

"* * * While in the office Miss Ward first gave us the identification of BARBARA ANN SAUNDERS. Upon checking with our Records Division found that her local number was PPD 54058 and her true name was BARBARA ANN WARD. * * *"

There was no other evidence of prior criminal conduct and later, when defendant testified, the prosecutor did not seek to impeach her by evidence of prior

criminal convictions. This backdoor evidence of her police record must be considered prejudicial.

■ Since this case must be remanded for a new trial, we consider defendant's other assignment of error. Defendant complains that her motion to remove the allegation of the complaint regarding "deviate sexual intercourse" should have been granted for lack of sufficient proof. She argues that the testimony of only one witness was insufficient to explain the meaning of the phrases "french" and "around the world" under ORS 41.270 which provides that "[u]sage shall be proved by the testimony of at least two witnesses." There was no dispute as to the substance of the testimony, but only as to its sufficiency to prove the allegation.

Usage evidence is a type of evidence used primarily in contractual interpretation, *see* ORS 71.-2050 (2), or in establishing a standard of conduct, especially in the negligence area, *Silver Falls Co. v. E. & W. Lbr. Co.,* 149 Or 126, 173-74, 40 P2d 703 (1935). There was no attempt in this case to define the term by resort to evidence of usage.

Rather, the state offered the officer's testimony as translation of technical terms of a trade or words of art, *cf. Horger v. Flagg, Utilities Commissioner,* 185 Or 109, 124, 201 P2d 515, 202 P2d 526 (1949). As a person who knows a foreign language may be a competent witness to translate words of that language, this officer was shown to be familiar with the words of a trade and was competent to translate them. Thus the evidence was sufficient to prove deviate sexual conduct and defendant's motion was properly denied.

Reversed and remanded.