WILLIAM J. AYLWARD, Plaintiff-Appellee, *v.* RICHARD DRAGUS *et al.,* Defendants.—(THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Appellant.)

First District (3rd Division)    No. 79-811

Opinion filed March 12, 1980.

William J. Scott, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellant, *pro se.*

Mathew K. Szygowski, of Bianco & Szygowski, Chartered, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The Attorney General sought the enforcement of a statutory lien in the full amount of $4,446.85, against the proceeds of a settlement recovered by plaintiff, William J. Aylward. The lien is recoverable under section 10(c) of the Crime Victims Compensation Act (Ill. Rev. Stat. 1977, ch. 70, par. 80(c)), for compensation paid to plaintiff. The trial court adjudicated the lien and reduced its amount to $2,200. The State appeals from the order reducing the amount of the lien. It contends that the trial court lacked the statutory authority to reduce a valid lien under the Act in question.

On November 8, 1975, defendant Richard Dragus shot plaintiff with a firearm. On December 10, 1975, plaintiff brought an action against Dragus in the circuit court of Cook County for damages resulting from gunshot wounds. On February 6, 1976, plaintiff applied to the State of Illinois for compensation as a victim of a violent crime under the Act. Plaintiff executed an agreement in which he agreed to subrogate the State for compensation received from any personal injury recovery. On August 31, 1977, the State awarded plaintiff $4,446.85 for hospital and medical expenses under the Act. Plaintiff did not use the funds to pay the hospital and medical expenses.

In March 1979, plaintiff's personal injury action against Dragus was settled for $20,000. Plaintiff presented a motion for reduction of the hospital lien and, on March 2, 1979, the trial court ordered the hospital lien of $4,011.85 to be adjudicated at $2,000. Plaintiff also sought a reduction of the State's lien of $4,446.85 and, on March 8, 1979, a hearing was held. Plaintiff asked the trial court to adjudicate the State's lien at 50% in consideration of his injuries, the compromise settlement, the hospital lien and his attorney's fees of $7,000. Over the State's objections, the trial court ordered the State's lien adjudicated in the amount of $2,200.

■■ The State urges that the trial court lacked the statutory authority to reduce a lien under the Crime Victims Compensation Act. We agree.

The Act expressly provides that the State has a lien or charge for compensation awarded to applicants. This lien attaches to any judgment entered and to any money or property which is recovered by plaintiff against an assailant. (Ill. Rev. Stat. 1977, ch. 70, par. 80(c).) Section 10(c) of the Act further provides that:

"On petition filed by the Attorney General on behalf of the State or by the applicant or other recipient of compensation, the circuit court, on written notice to all interested parties, shall adjudicate the rights of the parties and enforce the charge."

In construing identical statutory language in a case involving State liens under the Public Assistance Code of Illinois (Ill. Rev. Stat. 1963, ch. 23, par. 819), our supreme court has held that specific statutory authority

is required to permit a reduction of the State's lien. (*In re Estate of Poole* (1962), 26 Ill. 2d 443, 187 N.E.2d 231.) In that case, the court stated at pages 445-46:

> "We do not construe the authority to adjudicate the rights of the parties as giving a court the prerogative of refusing to enforce a valid lien but, to the contrary, we believe the legislature intended thereby to grant only the power to determine whether the statutory requirements for a lien had in fact been met, and if so, then to enforce the charge in that amount. Since there is no question here but that a valid lien did exist in the first instance, the lower court, bound as it was by the legislative direction in section 8—19 of the Public Assistance Code, correctly refused to go further and subordinate such lien so as to preserve a portion of the recovery for the injured ward."

Also see *Hardwick v. Munsterman* (1959), 15 Ill. 2d 564, 155 N.E.2d 638. Consequently, under the Act, the trial court was authorized only to determine the validity of the State's lien and to enforce the charge in that amount against plaintiff's settlement recovery.

The legislature, since the *Poole* case, has amended the Illinois Public Aid Code so that it now authorizes the circuit court to reduce public aid liens. (Ill. Rev. Stat. 1967, ch. 23, par. 11—22; *Davis v. City of Chicago* (1974), 59 Ill. 2d 439, 322 N.E.2d 29.) The new language in the Public Aid Code, however, is not found in the Crime Victims Compensation Act. Accordingly, it is clear that the legislature did not intend to authorize the circuit court to reduce a lien created under the Crime Victims Compensation Act.

We shall handle summarily plaintiff's additional argument that, as a matter of equity, the State must share in the fees and costs he incurred in obtaining the recovery from Dragus. Equity always follows the law. (*Roe v. Estate of Farrell* (1976), 42 Ill. App. 3d 705, 356 N.E.2d 344; *Department of Public Works & Buildings v. Metropolitan Life Insurance Co.* (1963), 42 Ill. App. 2d 378, 192 N.E.2d 607.) A court may not exercise its equitable powers to direct a remedy in contradiction to the plain requirements of a statute. *Evergreen Savings & Loan Association v. Barnard* (1978), 65 Ill. App. 3d 492, 382 N.E.2d 467.

For the foregoing reasons, the judgment of the circuit court of Cook County reducing the State's full statutory lien of $4,446.85 is reversed.

Judgment reversed.

SIMON and RIZZI, JJ., concur.