Argued and submitted October 12, 1981, affirmed April 5,
reconsideration denied May 27,
petition for review denied June 22, 1982 (293 Or 340)

## STATE OF OREGON,
*Respondent,*

*v.*

## HENRY DOYLE FULLER,
*Appellant.*

(No. C 80-10-33886, CA A20475)

643 P2d 382

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant seeks reversal of his conviction for first degree rape. ORS 163.375. He makes two assignments of error: (1) his motion for a mistrial based on prosecutorial misconduct should have been granted; and (2) the state should not have been allowed to impeach its own witness.

Both assignments of error arose from the state's conduct toward one of its witnesses. The witness had made statements before trial which strongly supported the state's position that the complainant had not consented to engage in sexual relations with defendant. At trial, the witness' testimony, though still favorable to the state, was weaker and, in some respects, inconsistent with the prior statements.

During a recess, the prosecutor told the witness that, if his testimony continued to be inconsistent with his prior statement, he would be subject to impeachment. The impeachment would include disclosure to the jury of the witness' prior convictions if the prosecutor believed that he was not testifying truthfully. The prosecutor had previously told the witness that the prior convictions would not be made known to the jury.

When he returned to the stand, the witness' testimony continued to be inconsistent with his prior statements. He had told the police that, when he saw the complainant after the alleged rape, she was crying and was hysterical. At trial, the witness testified that the complainant was not crying, but that she did say she had been raped and did appear upset. The prosecutor was then permitted over objection to question the witness about his prior statements. The witness admitted that he had made the statements and that they were true.

Defendant moved for a mistrial when he learned of the conversation between the prosecutor and the witness that took place during the recess. Defendant argued that the prosecutor had threatened the witness and that this had impaired his ability to obtain a fair trial. The trial court questioned the witness, whose replies indicated that he had been disturbed by the prosecutor's words, especially

the suggestion that he was not testifying truthfully. He insisted to the court that "he was only here to tell the truth." The trial court found that the witness' ability and desire to testify truthfully had not been affected by the prosecutor's statements and, although unprofessional, the prosecutor's conduct had not interfered with defendant's obtaining a fair trial.

■ ■ A motion for a mistrial is addressed to the sound discretion of the trial court and will not be reversed, absent a manifest abuse of that discretion. *State v. Blake,* 53 Or App 906, 909, 633 P2d 831, *rev allowed* 291 Or 893 (1981), *review dismissed* 292 Or 486 (1982). We find no such abuse here. While we do not approve of the prosecutor's conduct, we find that it did not deprive defendant of a fair trial and, therefore, affirm the trial court's ruling. *State v. York,* 291 Or 535, 544, 632 P2d 1261 (1981).

Defendant also contends that the trial court erred in permitting the prosecutor to question the witness about his prior inconsistent statements. Defendant argues that the state was not affirmatively prejudiced by the witness' testimony, so this impeachment was improper and evidence of prior inconsistent statements was inadmissible.

■ Under former ORS 45.590 (repealed by Oregon Laws 1981, chapter 892, § 98), a party could not introduce prior inconsistent statements to impeach its own witness, unless the witness' testimony was affirmatively damaging to that party's case. *State v. Merlo,* 92 Or 678, 699, 173 P 317, 182 P 153 (1919); *State v. Ward,* 16 Or App 162, 165, 517 P2d 1069 (1974). We agree with defendant's contention that the witness' testimony, though less favorable than his prior statements, was not affirmatively prejudicial to the state's case, and impeachment by the use of the prior statement was erroneous. *Rhodes v. Harwood,* 273 Or 903, 914, 544 P2d 197 (1975); *State v. Merlo, supra; but see State v. Bruce,* 31 Or App 1189, 572 P2d 351 (1977), *rev den* 282 Or 385 (1978).

Assuming, but not deciding, the evidence was prejudicial, a new trial is unnecessary. On retrial, the new Oregon Evidence Code would apply. Under it, the state would be permitted to impeach the witness. ORS 40.345

(Rule 607).[1] The only evidence improperly received in the first trial would be properly received in the second, and no purpose would be served in ordering a new trial.

Affirmed.

---

[1] ORS 40.345 (Rule 607) provides:

"The credibility of a witness may be attacked by any party, including the party calling the witness."