|, CARTER, J.
Defendant, Robert Booker, was charged by two separate bills of information with resisting an officer in violation of La. R.S. 14:108 (district court number 97 CR 866) and simple obstruction of a highway of commerce in violation of La. .R.S. 14:97 (district court number 97 CR 0867). After trial by judge,[1] he was found not guilty of the resisting an officer charge and guilty of the simple obstruction charge and sentenced accordingly. Defendant then appealed the simple obstruction conviction and sentence.[2]
This Court issued an order to the parties to show cause why the appeal should not be dismissed or why the appeal should not be maintained, relative to the issue of right to trial by jury. Neither party responded to the show cause order.
Since defendant was charged by two separate bills of information with misdemeanors tried together and carrying a *1071 maximum aggregate penalty in excess of six months in jail, he was entitled to a jury trial. See La. Const. Art. I, § 17; La. Code Crim. P. art. 779; State v. Tucker, 482 So.2d 19 (La.App. 1st Cir.1985). Therefore, defendant’s proper avenue of review is by appeal to this Court. See La. Const. Art. V, § 10(A)(3).
Although defendant was entitled to a jury trial and did not waive that right before proceeding to trial by judge, we find that to vacate the conviction and sentence for simple obstruction would be a vain and useless thing. Defendant was acquitted of the charge of resisting an officer. Were we to vacate the simple obstruction conviction and sentence and remand |?for a new trial, defendant would not then be entitled to a jury trial since he would be tried on that charge only, which alone does not carry a possible penalty which would entitle him to a jury trial. Compare State v. Fryer, 96-2745 (La.App. 4 Cir. 2/19/97), 691 So.2d 712.
Therefore, although we recognize the patent error regarding right to trial by jury, we find the error, under the circumstances presented herein, does not warrant reversal. The appeal is maintained. Briefing delays under Rule 2-12.7, Uniform Rules — Courts of Appeal, begin anew this date.
APPEAL MAINTAINED.

. Although the record contains two separate minute entries for trial, one on each charge, the trial transcript clearly shows that defendant was tried for both charges in one proceeding.

. Defendant mistakenly placed the resisting an officer docket number on the motion for appeal, but the substance of the motion clearly reflects that the motion relates to his conviction and sentence for simple obstruction. Accordingly, we have corrected the district court docket number in this matter to reflect the proper case, i.e., 97 CR 0867.