# District of Columbia
# Court of Appeals

**Nos. 15-CM-342 & 15-CT-343**

LEJUNE C. SMITH,

                          Appellant,

      v.

UNITED STATES, *et al.*,

                          Appellees.



**CMD-9427-14 &
CTF-9858-14**

On Appeal from the Superior Court of the District of Columbia
Criminal Division

      BEFORE: BECKWITH and MCLEESE, *Associate Judges;* and PRYOR, *Senior Judge*.

## J U D G M E N T

      This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

      ORDERED and ADJUDGED that each of appellant's three convictions are reversed, and the case is remanded for proceedings consistent with this opinion.

                               For the Court:

                               JULIO A. CASTILLO
                               Clerk of the Court

Dated: July 7, 2016.

Opinion by Senior Judge William C. Pryor.

Dissenting opinion by Associate Judge Roy W. McLeese.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 15-CM-342 & 15-CT-343

LEJUNE C. SMITH, APPELLANT,

v.

UNITED STATES, *et al.*, APPELLEES.

FILED 7/7/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeals from the Superior Court
of the District of Columbia
(CMD-9427-14 & CTF-9858-14)

(Hon. A. Franklin Burgess, Jr., Trial Judge)

(Submitted March 22, 2016                                    Decided July 7, 2016)

*Sean R. Day* for appellant.

*Channing D. Phillips*, United States Attorney, with whom *Elizabeth Trosman*, *William E. Schurmann*, and *Ann K. H. Simon*, *Assistant United States Attorneys*, and *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Rosalyn C. Groce*, Deputy Solicitor General, *Jemine Trouth*, and *John Martorana*, *Assistant Attorneys General*, were on the brief for appellee.

Before BECKWITH and MCLEESE, *Associate Judges*, and PRYOR, *Senior Judge*.

Opinion for the court by *Senior Judge* PRYOR.

Dissenting opinion by *Associate Judge* MCLEESE at page 9.

PRYOR, *Senior Judge*: Appellant LeJune Smith challenges his convictions following a bench trial for Leaving after Colliding—Personal Injury, in violation of D.C. Code § 50-2201.05c (a)(1) (2014 Repl.);[1] Driving Under the Influence, in violation of D.C. Code § 50-2206.11; and Reckless Driving, in violation of D.C. Code § 50-2201.04. Mr. Smith argues that the trial court erred in denying him his statutory right to a jury trial pursuant to D.C. Code § 16-705 (b). We agree, and thus reverse his convictions and remand for a new trial before a jury.

## I.

Late one evening on May 16, 2014, Tanita Collins and her wife, Constance Long-Collins, were in the 900 block of Randolph Street, N.W. Ms. Collins was walking her bicycle eastbound, on the north side of the road, when she was struck from behind and knocked down by a Nissan 300ZX sports car. Ms. Collins called to her wife to stop the car. Ms. Long-Collins caught up with the car as it waited behind a van that was stopped at the intersection by a red light. She banged on the car's window to tell the driver, whom she identified as appellant, that he had hit

---

[1] All subsequent citations to Title 50 of the D.C. Code are to the 2014 replacement volume; subsequent citations to other titles are to the corresponding 2012 replacement volume.

Ms. Collins with his car. A heated argument ensued, which later resulted in Mr. Smith and Ms. Long-Collins pushing and punching each other.

Metropolitan Police Department Officer Meghan Murrock arrived at the scene a short time later and noticed that Mr. Smith's eyes were bloodshot and watery, his face was flushed, he was swaying, and there was a strong odor of alcohol emanating from his breath. Mr. Smith's breath test four hours later indicated an alcohol level of .19. On the stand, Mr. Smith admitted having a few beers before the incident took place.

On May 29, 2014, the United States charged Mr. Smith by information with Assault (of Ms. Long-Collins), in violation of D.C. Code § 22-404; Unlawful Possession of a Controlled Substance, in violation of D.C. Code § 48-904.01 (d); and Leaving after Colliding—Personal Injury, in violation of D.C. Code § 50-2201.05 (a)(1).[2] Subsequently, the United States filed an amended information, adding an Assault count with regards to Ms. Collins and one count of Possession of Prohibited Weapon (PPW), in violation of D.C. Code § 22-4514 (b).

_____

[2] Section 50-2201.05 (a)(l) was repealed. 59 D.C. Reg. 12957 (2013). The statute in effect at the time that the charged incident occurred was D.C. Code § 50-2201.05c (a)(l).

On June 5, 2014, the District of Columbia charged Mr. Smith with Driving under the Influence of Alcohol (DUI), in violation of D.C. Code § 50-2206.11; Operating a Vehicle while Impaired, in violation of D.C. Code § 50-2206.14; Leaving after Colliding—Personal Injury, in violation of D.C. Code § 50-2201.05c (a)(1); and Reckless Driving, in violation of D.C. Code § 50-2201.04 (b-c)—all arising from the same incident.

On October 10, 2014, the United States filed an unopposed motion to join the two cases for trial, which was granted on October 15, 2014. The case was called for trial before the Honorable A. Frank Burgess, Jr., on December 16, 2014. Before trial, the United States dismissed its possessory drug charge and amended its PPW to attempted PPW, in violation of D.C. Code §§ 22-4514 (b), 22-1803. The District announced that the United States had "taken" the charge of leaving after colliding, and it dismissed its charge of operating while impaired.

Mr. Smith requested a jury trial on the remaining six charges, and the trial court denied the motion and the case proceeded to a bench trial. Ultimately, the trial court found appellant guilty of three charges: Leaving after Colliding, DUI, and Reckless Driving. This appeal followed.

## II.

Appellant argues that the trial court erred in denying him a jury trial pursuant to D.C. Code § 16-705, which provides in part:

> In any case where the defendant is not under the Constitution of the United States entitled to a trial by jury, the trial shall be by a single judge without a jury, except that if . . . [t]he defendant is charged with 2 or more offenses which are punishable by a cumulative fine or penalty of more than $4,000 or a cumulative term of imprisonment of more than 2 years; and [t]he defendant demands a trial by jury, the trial shall be by jury . . . .

D.C. Code § 16-705 (b).

Here, Mr. Smith faced six charges that carried a cumulative maximum sentence of 990 days (approximately 2.7 years) or $5,500, which clearly brings his case under § 16-705. The charges are summarized in the following table:

| Charge | Maximum Penalty | Outcome |
|---|---|---|
| Assault (Ms. Collins) in violation of D.C. Code § 22-404 | 180 Days and $1,000 | Not guilty |
| Assault (Ms. Long-Collins) in violation of D.C. Code § 22-404 | 180 Days and $1,000 | Not guilty |

| Attempted Possession of Prohibited Weapon (Vehicle) in violation of D.C. Code §§ 22-4514 (b), 22-1803 | 180 Days and $1,000 | MJOA granted |
|---|---|---|
| Leaving after Colliding–Personal Injury in violation of D.C. Code § 50-2201.05c (a)(1) | 180 Days and $1,000 | Guilty |
| Driving Under Influence in violation of D.C. Code § 50-2206.11 | 180 Days and $1,000 | Guilty |
| Reckless Driving in violation of D.C. Code § 50-2201.04 | 90 Days and $500 | Guilty |

While conceding that appellant's statutory right to a jury trial was violated, the government nevertheless maintains that we should affirm his convictions. It argues that this court "cannot accord appellant meaningful relief" because the charges of which appellant was ultimately convicted did not carry a cumulative maximum sentence of more than two years or $4,000, and thus appellant would not be entitled to a jury trial under § 16-705 (b) on remand. We disagree.

The government relies on *Davis v. United States*, 984 A.2d 1255 (D.C. 2009), to support its argument. This reliance, however, is misplaced. In *Davis*, the appellant was on trial for simple assault and PPW, which was a jury-demandable offense. *Id*. at 1258-59. Although the appellant had a statutory right to jury trial, she failed to object and the case proceeded before a judge. *Id*. at 1258. She was then convicted of both offenses. *Id.* Subsequently, the trial court vacated her jury-demandable PPW conviction upon defense motion because appellant had not

waived her right to a jury trial. The court, however, let the simple assault conviction stand. *Id*.

On appeal, reviewing for plain error, we held that the trial court had committed a plain error. *Id*. at 1259. However, given that the trial court had vacated Davis's PPW conviction, which was the jury-demandable offense, the court had "cured" the error. *Id*. at 1260. Accordingly, we concluded that the error did not "affect[] the fairness, integrity or public reputation of judicial proceedings" and affirmed her simple assault conviction. *Id*. (quoting *Olano v. United States*, 507 U.S. 725, 732 (1993)).

Here, Mr. Smith demanded a jury trial, and unlike in *Davis*, we are not reviewing this matter for plain error only. The government's argument that this court cannot afford Smith a remedy for what it acknowledges was a denial of his statutory right to a jury trial is incorrect,[3] and we are aware of no authority that

_____
[3] It is true that under the harmless error doctrine errors sometimes go without remedy, but we are not persuaded that all failures to provide a jury trial under § 16-705 are effectively harmless as long as the cumulative sentence actually imposed does not implicate the statutory right to jury on remand. *Cf. Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993) ("A reviewing court can only engage in pure speculation—its view of what a reasonable jury would have done. And when it does that, 'the wrong entity judge[s] the defendant guilty.'" (quoting *Rose v. Clark*, 478 U.S. 570, 578 (1986))).

precludes us from granting Mr. Smith the jury trial that he was statutorily entitled to in the first place.[4]  *See* D.C. Code § 17-306 (providing that the court may "affirm, modify, vacate, set aside or reverse any order or judgment . . . lawfully brought before it for review, and may remand the cause and direct the entry of such

_____

[4]  The dissent acknowledges that *Davis* "is not necessarily controlling in all respects," but contends that *Davis* rested on a legal conclusion, now binding on us, that "the applicable statute 'command[ed]' that a retrial solely on a charge of simple assault would be a non-jury trial." *Post* at 6 (quoting *Davis*, 984 A.2d at 1260).  We are unconvinced that the *Davis* court's comment in this regard was "necessary to explain the outcome" in that case.  *Whitfield v. United States*, 99 A.3d 650, 663 n.22 (D.C. 2014).  At the outset, the comment was made as part of the court's analysis of the fourth prong of the plain error test—a prong the Supreme Court has described as particularly case-specific, *Puckett v. United States*, 556 U.S. 129, 142 (2009)—and was ancillary to the court's primary fourth-prong rationale that "the trial court had sensibly cured the error by vacating the conviction for PPW." *Davis*, 984 A.2d at 1260.  Before tackling its fourth-prong analysis, the court assumed that Ms. Davis could "satisfy the third prong—that the error affected her substantial rights." *Id.* at 1259-60.  That assumption verifies that when the court moved on to the fourth prong, it was saying something different than that the error was harmful under the standard set forth in *Kotteakos v. United States*, 328 U.S. 750, 765 (1946), which is the standard applicable to the third prong, *Wheeler v. United States*, 930 A.2d 232, 246 (D.C. 2007) (recognizing applicability of *Kotteakos* but placing the burden on the defendant), and which is also the harmlessness standard that applies to the preserved claim of error at issue here.  It is also worth noting that the appellant in *Davis* did not brief the question whether remand for a new trial before a jury was a viable remedy because she did not seek a jury trial on remand, but instead asked this court to "vacate the assault conviction and order that charge dismissed with prejudice." 984 A.2d at 1260.

appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances").[5]

Accordingly, we reverse all three of Mr. Smith's convictions and remand for proceedings consistent with this opinion. Having arrived at this conclusion, we need not address Mr. Smith's second argument challenging the appropriate *mens rea* for his conviction of Leaving after Colliding.

*So ordered.*

MCLEESE, *Associate Judge*, dissenting: Mr. Smith was tried on six charges. As the court explains, *ante* at 6, none of those charges was individually punishable by more than 180 days' imprisonment. Mr. Smith therefore did not have a right to a jury trial on any single charge considered in isolation. D.C. Code § 16-705 (b)(1)(A) (2012 Repl.) (providing statutory right to jury trial on any charge

_____

[5] We are mindful of the constitutional rule disallowing the aggregation of punishments of separate petty offenses in order to demand a jury trial as a matter of right under the Sixth Amendment. *Lewis v. United States*, 518 U.S. 322 (1996). However, the District's legislature chose to afford defendants charged with multiple petty offenses an option to demand jury trial under § 16-705 (b) in which such aggregation is allowed. Therefore, Mr. Smith should have had his trial before a jury as a matter of statutory right.

punishable by more than 180 days' imprisonment); *Jones v. United States*, 124 A.3d 127, 131-32 & n.9 (D.C. 2015) (defendant was not constitutionally entitled to jury trial on charge carrying maximum penalty of six months' imprisonment). Cumulatively, however, the charges were punishable by more than two years' imprisonment. *Ante* at 6. Mr. Smith therefore had a statutory right to a jury trial. D.C. Code § 16-705 (b)(1)(B) (2012 Repl.) (providing statutory right to jury trial where defendant is charged with multiple offenses carrying cumulative penalty of more than two years' imprisonment); *compare Lewis v. United States*, 518 U.S. 322 (1996) (defendant charged with multiple offenses each punishable by no more than six months' imprisonment has no constitutional right to jury trial). Mr. Smith demanded a jury trial but nevertheless was tried by a judge. It is undisputed on appeal that this was error. The court in this case concludes that the error was not harmless and that the judgment must be reversed and the case remanded for a new trial before a jury. I assume that the complete denial of the statutory right to a jury trial would ordinarily require reversal. In the circumstances of this case, however, I conclude that reversal is not warranted. I therefore respectfully dissent.

I turn first to the court's holding that any retrial must be before a jury. The trial court in this case acquitted Mr. Smith of three charges. *Ante* at 6. The remaining three charges carry a maximum cumulative term of imprisonment of 450

days. *Id.* Because 450 days is less than two years, section 16-705 (b)(1) requires that any retrial on the remaining three charges "shall be by a single judge without a jury." The court nevertheless directs that Mr. Smith be given a jury trial. *Ante* at 2, 8. I do not believe that the court has the authority to grant Mr. Smith such relief. It is true that this court has broad authority under D.C. Code § 17-306 (2012 Repl.) to "require such further proceedings to be had[] as is just in the circumstances." But that authority does not extend to conferring a procedural right that contradicts an applicable statute. *Cf., e.g.*, *Aylward v. Dragus*, 402 N.E.2d 700, 702 (Ill. App. Ct. 1980) ("A court may not exercise its equitable powers to direct a remedy in contradiction to the plain requirements of a statute.").

It would be one thing if the court could turn back time, reinstate all of the original charges, and afford Mr. Smith the jury trial he should originally have gotten. But the court does not and could not reinstate the acquitted charges. *See generally, e.g.*, *United States v. Allen*, 755 A.2d 402, 407 (D.C. 2000) ("Where there has been an acquittal . . . the Double Jeopardy Clause bars retrial."). The court instead tries to fix one mistake – denying Mr. Smith a jury trial when he was entitled to one – by committing a new mistake – granting Mr. Smith a jury trial on retrial when, by statute, he cannot have one. The flaw in the court's approach can be summed up by the familiar adage "Two wrongs don't make a right." To

illustrate concretely, imagine a case in which the defendant is charged with some offenses that carry a maximum penalty of more than one year of imprisonment and some offenses that do not. Under Rule 24 (b) of the Superior Court Criminal Rules, that defendant would be entitled to ten peremptory challenges during jury selection. Imagine further that the trial court erroneously affords the defendant only three peremptory challenges. *See* Super. Ct. Crim. R. 24 (b) (defendant charged only with offenses punishable by no more than one year of imprisonment is entitled to three peremptory challenges). Imagine further that the defendant is acquitted of all charges carrying a maximum penalty of more than year, but is convicted of some less serious charges. Imagine finally that the defendant successfully appeals and that a retrial is necessary. Under the approach the court takes in the present case, the defendant on retrial would be granted ten peremptory challenges, even though the defendant would be entitled by rule to only three peremptory challenges. That approach seems to me neither permissible nor logical. To take a more absurd example, imagine that the trial court erroneously excludes evidence that is relevant only to a charge as to which the defendant is acquitted. Imagine further that the defendant appeals from other convictions and this court determines that a retrial is necessary. Surely the court could not and would not direct that the defendant at the retrial be granted the right to introduce the evidence that should have been admitted at the first trial but that no longer is

relevant under the circumstances of the retrial. In sum, any retrial should be conducted under the law and procedures applicable to the retrial.

This court has already so held, with respect to the precise error at issue in this case. *See Davis v. United States*, 984 A.2d 1255 (D.C. 2009). The defendant in *Davis* was tried on two misdemeanor charges: possession of a prohibited weapon and simple assault. *Id.* at 1258. Possession of a prohibited weapon is punishable by up to one year of imprisonment, and thus is jury demandable under both the Constitution and D.C. Code § 16-705 (b)(1)(A). *Id.* at 1258-59 & n.2. Simple assault is punishable by up to 180 days' imprisonment, and thus is not a jury-demandable offense considered in isolation. *Id.* at 1258-59 & n.4. Nevertheless, the defendant was entitled to a jury trial on simple assault under D.C. Code § 16-705 (b-1) (if at least one charge at trial is jury demandable, defendant is entitled to jury trial on all other jointly tried charges). *Davis*, 984 A.2d at 1259 & n.5. Although the defendant in *Davis* had a right to a jury trial on both charges, the trial court conducted a bench trial. *Id.* at 1258-59. The defendant in *Davis* did not raise a timely objection. *Id.* at 1258. When the defendant raised the issue by post-verdict motion, the trial court responded by vacating the conviction for possession of a prohibited weapon but leaving intact the conviction for simple assault. *Id.* The defendant in *Davis* appealed to this court, arguing that the conviction for

simple assault should also have been vacated. *Davis*, 984 A.2d at 1260-61. Because the defendant had not raised a timely objection, this court applied the plain-error standard, which requires a defendant to show that the trial court committed an error that was plain, that affected the defendant's substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1259. We concluded in *Davis* that the defendant had failed to show that allowing the conviction for simple assault to stand would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1260-61.

Unlike the defendant in *Davis*, Mr. Smith raised a timely objection to the trial court's decision to conduct a bench trial. *Ante* at 5. Given that difference, I agree with the court that *Davis* is not necessarily controlling in all respects. Our holding in *Davis*, however, rested in part on the following conclusion of law: "If we were to grant further relief on appeal, the presumptive remedy would be to remand for a new trial, and pursuant to the command of § 16-705(b)(1)(A), that would be a non-jury trial." 984 A.2d at 1260. In other words, we concluded that the applicable statute "command[ed]" that a retrial solely on a charge of simple assault would be a non-jury trial. *Id.* That legal conclusion was an essential part of our reasoning in *Davis* and binds us here. *See, e.g.*, *Whitfield v. United States*, 99 A.3d 650, 663 n.22 (D.C. 2014) ("For purposes of binding precedent, a holding

is a narrow concept, a statement of the outcome accompanied by one or more legal steps or conclusions along the way that . . . are necessary to explain the outcome.") (brackets and internal quotation marks omitted). I therefore conclude that this court lacks authority to direct that a retrial in this case on the remaining charges must be a jury trial, rather than the non-jury trial required by section 16-705 (b)(1).

The Louisiana Court of Appeal reached the same conclusion on very similar facts. *State v. Booker*, 780 So. 2d 1070 (1998). In *Booker*, the defendant was charged with two offenses carrying penalties that cumulatively entitled him to a jury trial under Louisiana law. *Id.* at 1070-71. The defendant was erroneously given a bench trial, however, and the trial judge acquitted on one charge but convicted on the other. *Id.* On appeal, the Court of Appeal concluded that any retrial would not be before a jury, because the penalty on the sole remaining charge did not suffice to confer a right to a jury trial under the applicable statute. *Id.* at 1071. In various analogous contexts, other courts have also concluded that a remand must be conducted pursuant to the law applicable to the circumstances of the remand. *See, e.g., People v. Whitler*, 214 Cal. Rptr. 610, 613-14 (Ct. App. 1985) (assuming that statute requiring exclusion of certain evidence had been repealed at time of trial, so that it was error for trial court to have excluded evidence, newly enacted statute would require exclusion of evidence at any retrial);

*State v. Fuller*, 643 P.2d 382, 384 (Or. Ct. App. 1982) (where trial court erroneously permitted party to impeach its own witness, but law was subsequently amended to permit such impeachment, new law would apply if case were remanded and retried). I have found no case in which an appellate court concluded that it had authority to require procedures on remand that contradicted an applicable statute.

For the foregoing reasons, I conclude that any retrial in this case on the three remaining charges should be a non-jury trial. As I have already noted, I assume that the complete denial of a statutory right to a jury trial would ordinarily require reversal. But one might wonder whether it makes sense to vacate convictions because they were tried to a judge, but then remand for a retrial that would also be before a judge. We have answered that question under the plain-error standard, holding in *Davis* that reversal was not warranted in such circumstances. 984 A.2d at 1260-61. *Davis* does not definitively answer that question under the harmless-error standard applicable in this case. What we said in *Davis* is nevertheless quite instructive: "It seems pointless to remand for a bench trial when that is the form of adjudication appellant has already received." 984 A.2d at 1260. The Louisiana Court of Appeal reached a similar conclusion in *Booker*. 780 So. 2d at 1071 (it

"would be a vain and useless thing" to vacate conviction on ground that defendant was denied right to jury trial, and then to remand for non-jury retrial).

Other courts have reached similar conclusions in analogous circumstances. *See, e.g.*, *Whitler*, 214 Cal. Rptr. at 613-14 (because evidence erroneously excluded at initial trial would be properly excluded at retrial, "[r]eversal on this point would be a meaningless gesture"); *People v. Brown*, 92 Cal. Rptr. 370, 377 (Ct. App. 1971) ("It would be farcical to reverse because certain evidence should not have been admitted, knowing all the time that at a retrial it will be admissible."); *Fuller*, 643 P.2d at 384 (where evidence erroneously admitted at initial trial would be admissible on retrial, "no purpose would be served in ordering a new trial"). I have found only one case tending to point in the opposite direction: *State v. Luque*, 829 P.2d 1244 (Ariz. Ct. App. 1992), *abrogated on related grounds by State v. Soliz*, 219 P.3d 1045 (Ariz. 2009). In *Luque*, the court held that the defendant had a right to a twelve-person jury at the initial trial, because he was facing a maximum cumulative punishment of more than thirty years' imprisonment. *Id.* at 1245-46. Without objection, the defendant was tried by an eight-person jury. *Id.* at 1245. The defendant was acquitted of certain charges, and thus on retrial would not face a cumulative punishment of greater than thirty years' imprisonment. *Id.* at 1245-46. The State argued that any error was

harmless, because on retrial the defendant would be entitled only to an eight-person jury. *Id.* at 1246. Although the court applied a "fundamental error" standard, because the defendant had failed to object at trial, the court nevertheless reversed. *Id.* at 1246-47. The court did not appear to disagree with the suggestion that an eight-person jury would once again be convened on retrial. *Id.* Rather, the court appeared to apply a per se rule of reversal. *Id.* The court acknowledged that a different division of the Arizona Court of Appeals had recently reached the opposite conclusion. *Id.* at 1246. I would not follow the approach taken in *Luque*, which is contrary to the weight of authority in other jurisdictions. More importantly, *Luque* cannot be reconciled with this court's holding in *Davis* that a comparable error did not warrant reversal under the plain-error standard.

In sum, I would conclude that the error in this case was harmless, because the only lawful remedy – a non-jury retrial – would provide Mr. Smith with precisely the same form of adjudication that Mr. Smith has already received.