McLEESE, Associate Judge,
dissenting:
Mr. Smith was tried on six charges. As the court explains, ante at 1098, none of those charges was individually punishable by more than 180 days’ imprisonment. Mr. Smith therefore did not have a right to a jury trial on any single charge considered in isolation. D.C.Code § 16-705(b)(1)(A) (2012 Repl.) (providing statutory right to jury trial on any charge punishable by more than 180 days’ imprisonment); Jones v. United States, 124 A.3d *1100 127, 131-32 &'n. 9 (D.C.2015) (defendant was" not constitutionally entitled to jury trial on charge carrying maximum penalty of six months’ imprisonment). Cumulatively, however, the charges were punishable by more than two years’ imprisonment. Ante at .1098. Mr. Smith therefore had a statutory right to a jury trial. D.C.Code § 16-705(b)(l)(B) (2012 Repl.) (providing statutory right to jury trial where defendant is charged with multiple offenses carrying cumulative penalty of more than two years’ imprisonment); compare Lewis v. United States, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) (defendant charged with multiple offenses each punishable by no more than six months’ imprisonment has no constitutional right to jury trial). Mr. Smith demanded a jury trial but nevertheless was tried by a judge. It is undisputed on appeal that this was error. ‘ The court in this case concludes that the error was not harmless and that. the judgment must be reversed and the case remanded for a new trial before, a jury,- I assume that the complete denial of the statutory right to a jury trial would ordinarily require reversal. In the circumstances of this case, however, I. conclude that reversal is not warranted, I therefore respectfully dissent.
I turn first to the court’s' holding that any retrial must be before a jury. The trial court in this case acquitted Mr, Smith of three charges. Ante at 1098. The remaining three charges carry a maximum cumulative term of imprisonment of 450 days. Id, Because 450 days is less than two years, section 16-705(b)(l) requires that any retrial on the remaining three charges, “shall- be by a single judge without a jury.” The court nevertheless directs that Mr. Smith be given a jury trial. ' Ante at" 1096, 1099. I do not believe that the court has the authority to grant Mr. Smith such relief. It is true that this court has broad authority under D.C.Code § 17-306 (2012 Repl.) to “require such further proceedings to be had[] as is just in the circumstances.” But that authority does not extend to conferring a procedural right that contradicts an applicable statute. Cf., e.g., Aylward v. Dragus, 82 Ill.App.3d 283, 37 Ill.Dec. 698, 402 N.E.2d 700, 702 (1980) (“A court may not exercise its equitable powers to direct a remedy in contradiction to .the plain requirements of a statute.”).
It would be one thing if the court could turn back time, reinstate all of the original charges, and afford Mr. Smith the jury trial he should originally have gotten. But the court does not and could not reinstate the acquitted charges. See generally, e.g., United States v. Allen, 755 A.2d 402, 407 (D.C.2000) (‘Where there has been an acquittal ... the Double Jeopardy Clause bars retrial.”). The court instead tries to fix one mistake — denying Mr. Smith a jury trial when he was entitled to one — by committing a new mistake — granting Mr. Smith a jury trial on retrial when, by statute, he cannot have one. The flaw in the court’s approach can be summed up by the familiar adage “Two wrongs don’t make a right.” To illustrate concretely, imagine a case in which the' defendant is charged with some offenses that carry a maximum penalty of more than one year of imprisonment and some offenses that do not. Under Rule 24(b) of the Superior Court Criminal Rules, that’ defendant would be entitled to ten peremptory challenges during jury selection. Imagine further that the trial court erroneously affords the defendant only three peremptory challenges.. See Super. Ct.Crim. R. 24(b) (defendant charged only with offenses punishable by no more than one year of imprisonment is entitled to three peremptory challenges). Imagine further that the defendant is acquitted of all charges carrying a maximum penalty of more than year, but is convicted of some less serious charges. *1101 Imagine finally that the defendant successr fully appeals and that a retrial is necessary. Under the approach the court takes in the present case, the defendant on retrial would be granted ten peremptory challenges, even though the defendant would be entitled by rule to only three peremptory challenges. That approach seems to me neither permissible nor logical. To take a more absurd example, imagine that the trial court erroneously excludes evidence that is relevant only to a charge as to which the defendant is acquitted. Imagine further that the defendant appeals from other convictions and this court determines that a retrial is necessary. Surely the court could not and would not direct that the defendant at the retrial be granted the right to introduce the evidence that should have been admitted at the first trial but that no longer is relevant under the circumstances of the retrial.' In sum, any retrial should be conducted under the law and procedures applicable to the retrial.
This court has ajreády so held, with respect to the precise error at issue in this case. See Davis v. United States, 984 A.2d 1255 (D.C.2009). The defendant in Davis was tried on two misdemeanor charges: possession of a prohibited weapon and simple assault. Id. at 1258. Possession of a prohibited weapon is punishable by up to one year of imprisonment, and thus is jury demandable under both the Constitution and D.C.Code § 16-705(b)(l)(A). Id. at 1258-59 & n. 2. Simple assault is punishable by up to Í80 days’ imprisonment, and thus is not a jury-demandable offense considered in isolation. Id. at 1258-59 & n. 4. Nevertheless, the deféndant was entitled to a jury trial on simple assault ■ under D.C.Code § 16 — 705(b—1) (if at least one charge at trial is jury demandable, defendant is entitled to jury trial on all other jointly tried charges). Davis, 984 A.2d at 1259 & n. 5. Although the defendant in Davis had a right to a jury trial on both charges, the trial court conducted a bench trial. Id. at 1258-59. The defendant in Davis did not raise a timely objection. Id. at 1258. When the defendant raised the issue by postverdict motion, the trial court responded by vacating the conviction for pbssession of a prohibited weapon but leaving intact the conviction for simple assault. Id. The defendant in Davis appealed to this court, arguing that the'conviction for simple assault should also have been vacated. Davis, 984 A.2d at 1260-61. Because the .defendant had not raised a timely objection, this court applied- the plain-error standard, which requires a defendant to show that the trial court committed an error that was plain, that affected the defendant’s substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 1259. We concluded in Davis that the defendant had failed to show that allowing the conviction for simple assault to stand would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id. at 1260-61.
Unlike the defendant in Davis, Mr. Smith raised a timely objection to the trial court’s decision to conduct a bench trial. Ante at 1097-98. Given that difference, I agree with the court that Davis is not necessarily controlling in all respects. Our holding in Davis, however, rested in part on the following conclusion of law. “If we were to grant further relief on appeal, the presumptive remedy would be to remand for a new trial, and pursuant to the command of .§ 16-705(b)(l)(A), that would be a non-jury trial.” 984 A.2d at 1260, In other words, we concluded- that the applicable statute “command[ed]” that a retrial solely on a charge of simple assault would be a non-jury trial. Id. That legal conclusion was an essential part of our reasoning in Davis and binds us here., See, e.g., Whitfield v. United States, 99 A.3d 650, *1102 663 n. 22 (D.C.2014) (“For purposes of binding precedent, a holding is a narrow concept, a statement of the outcome accompanied by one or more legal steps or conclusions along the way that ... are necessary to explain the outcome.”) (brackets and internal quotation marks omitted). I therefore conclude that this court-lacks authority to direct that a retrial in this case on the remaining charges must be a jury trial, rather than the non-jury trial required by section 16-705(b)(l).
The Louisiana Court of Appeal reached the same conclusion on very similar facts. State v. Booker, 780 So.2d 1070 (1998). In Booker, the defendant was charged with two offenses carrying penalties that cumulatively entitled him to a jury trial under Louisiana law. Id. at 1070-71. The defendant was erroneously given a bench trial, however, and the trial judge acquitted on one charge but .convicted on the other. Id. On appeal, the Court of Appeal concluded that any retrial would not be before a jury, because the penalty on the sole remaining charge did not suffice to confer a right to a jury trial under the applicable statute. Id. at 1071. In various analogous contexts, other courts have also concluded that a remand must be conducted pursuant to the law applicable to the circumstances of the remand. See, e.g., People v. Whitler, 171 Cal.App.3d 387, 214 Cal.Rptr. 610, 613-14 (1985) (assuming that statute requiring exclusion of certain evidence had been repealed at time of trial, so that it was error for trial court to have excluded evidence, newly enacted statute would require exclusion of evidence at any retrial); State v. Fuller, 56 Or.App. 719, 643 P.2d 382, 384 (1982) (where trial court erroneously permitted party to impeach its own witness, but law was subsequently amended to permit such impeachment, new law would apply if case were remanded and retried). I have found no case in which an appellate court concluded that it had authority to require procedures on remand that contradicted an applicable statute.
For the foregoing reasons, I conclude that any retrial in this case on the three remaining charges should be a non-jury trial. As I have already rioted, I assume that the complete denial of a statutory right to a jury trial would ordinarily require reversal. But one might wonder whether it makes sense to vacate convictions because they were tried to a judge, but then remand for a retrial that would also be before a judge. We have answered that question under the plain-error standard, holding in Davis that reversal was not warranted in such circumstances. 984 A.2d at 1260-61. Davis does not definitively answer that question under the harmless-error standard applicable in this case. What we said in Davis is nevertheless quite instructive: “It seems pointless to remand for a bench trial when that is the form of adjudication appellant has already received.” 984 A.2d at 1260. The Louisiana Court of Appeal reached a similar conclusion in Booker. 780 So.2d at 1071 (it “would' be a vain and useless thing” to vacate conviction on ground that defendant was denied right to jury trial, and then to remand for non-jury retrial).
Other courts have reached similar conclusions in analogous circumstances. See, e.g., Whitler, 214 Cal.Rptr. at 613-14 (because evidence erroneously excluded at initial trial would be properly excluded at retrial, “[rjeversal on this point would be a meaningless gesture”); People v. Brown, 14 Cal.App.3d 334, 92 Cal.Rptr. 370, 377 (1971) (“It would be farcical to reverse because certain evidence should not have been admitted, knowing all the time that at a retrial it will be admissible.”); Fuller, 643 P.2d at 384 (where evidence erroneously admitted at initial trial would be admissible on retrial, “no purpose would *1103 be served in ordering a new trial”). I have found only one case tending to point in the opposite direction: State v. Luque, 171 Ariz. 198, 829 P.2d 1244 (Ct.App.1992), abrogated on related grounds by State v. Soliz, 223 Ariz. 116, 219 P.3d 1045 (2009). In Luque, the court held that the defendant had a right to a twelve-person jury at the initial trial, because he was facing a maximum cumulative punishment of more than thirty years’ imprisonment. Id. at 1245-46. Without objection, the defendant was tried by an eight-person jury. Id. at 1245. The defendant was acquitted of certain charges, and thus on retrial would not face a cumulative punishment of greater than thirty years’ imprisonment. Id. at 1245-46. The State argued that any error was harmless, because on retrial the defendant would be entitled only to an eight-person jury. Id. at 1246. Although the court applied a “fundamental error” standard, because the defendant had failed to object at trial, the court nevertheless reversed. Id. at 1246-47. The court did not appear to disagree with the suggestion that an eight-person jury would once again be convened on retrial. Id. Rather, the court appeared to apply a per se rule of reversal. Id. The court acknowledged that a different division of the Arizona Court of Appeals had recently reached the opposite conclusion. Id. at 1246. I would not follow the approach taken in Luque, which is contrary to the weight of authority in other jurisdictions. More importantly, Luque cannot be reconciled with this court’s holding in Davis that a comparable error did not warrant reversal under the plain-error standard.
In sum, I would conclude that the error in this case was harmless, because the only lawful remedy — a non-jury retrial — would provide Mr. Smith with precisely the same form of adjudication that Mr. Smith has already received.